**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ROCHELLE M. WYATT, | DOCKET NUMBER |
| Appellant, | AT-0353-16-0492-X-1 |
| | AT-0353-16-0492-C-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: March 8, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David Champion, Memphis, Tennessee, for the appellant.

Luis O. Rodriguez and Suzanne B. McCabe, Philadelphia, Pennsylvania,
   for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

This compliance proceeding was initiated by the appellant's petition for enforcement of the Board's May 11, 2017 final decision in *Wyatt v. U.S. Postal Service*, MSPB Docket No. AT-0353-16-0492-I-1. *Wyatt v. U.S. Postal Service*, MSPB Docket No. AT-0353-16-0492-C-1, Compliance File (CF), Tab 1. On September 25, 2017, the administrative judge issued a compliance initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

finding the agency not in compliance with the Board's May 11, 2017 final decision. CF, Tab 10, Compliance Initial Decision (CID). On November 15, 2017, the appellant filed a document that served as both a petition for review of the compliance initial decision and a response to the agency's October 30, 2017 statement of compliance in response to the compliance initial decision. *Wyatt v. U.S. Postal Service*, MSPB Docket No. AT0353-16-0492-C-1, Compliance Petition for Review (CPFR) File, Tab 1; *Wyatt v. U.S. Postal Service*, MSPB Docket No. AT-0353-16-0492-X-1, Compliance Review File (CRF), Tab 3. On February 2, 2023, the Board issued a nonprecedential order in which it found the agency noncompliant on one issue.[2] *Wyatt v. U.S. Postal Service*, MSPB Docket No. AT-0353016-0492-X-1, Order (Feb. 2, 2023); CRF, Tab 19. We now JOIN these matters for processing, and for the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

On April 27, 2016, the appellant filed an appeal with the Board alleging that the agency had denied her restoration to duty following her recovery from her November 1, 2014 compensable injury. *Wyatt v. U.S. Postal Service*, MSPB Docket No. AT-0353-16-0492-I-1, Initial Appeal File (IAF), Tab 1. On May 11, 2017, the administrative judge issued an initial decision finding that the agency violated the appellant's restoration rights. IAF, Tab 35, Initial Decision (ID). The initial decision ordered the agency to restore the appellant to her former assignment, effective March 15, 2016. ID at 10. It further ordered the agency to pay the appellant the appropriate amount of back pay, with interest, to adjust the appellant's benefits with appropriate credits and deductions, and to inform the

---

[2] Also on February 2, 2023, in a separate, nonprecedential order in MSPB Docket No. AT-0353-16-0492-C-1, the Board dismissed the appellant's petition for review of the compliance initial decision as untimely filed. *Wyatt v. U.S. Postal Service*, MSPB Docket No. AT-0353-16-0492-C-1, Order (Feb. 2, 2023); CPFR File, Tab 9. The instant nonprecedential Final Order now serves as the Board's final decision in both MSPB Docket No. AT-0353-16-0492-C-1 and MSPB Docket No. AT-0353-16-0492-X-1.

appellant in writing of all actions taken to comply with the Board's order. ID at 11. That initial decision became the final decision of the Board on June 15, 2017, after neither party petitioned the full Board for review. ID at 13.

On June 12, 2017, the appellant, through her designated representative, filed a petition for enforcement of the Board's final decision, alleging that the agency had failed to pay her back pay or benefits. CF, Tab 1. On September 25, 2017, the administrative judge issued a compliance initial decision granting the petition for enforcement based on the agency's concession it had not yet paid the appellant her back pay or benefits. CID. The matter was then referred to the Board to obtain compliance and docketed under *Wyatt v. U.S. Postal Service*, MSPB Docket No. AT-0353-16-0492-X-1. *See* 5 C.F.R. § 1201.183(b)-(c); CRF, Tab 2.

Between October 30, 2017, and June 6, 2019, the parties submitted pleadings regarding the agency's efforts to reach compliance. The appellant contended the agency was not in compliance with regard to several aspects of its back pay calculations, including the appellant's: (1) night differential pay; (2) Sunday premium pay; (3) holiday work hours; (4) holiday leave hours; (5) restored annual leave and sick leave hours; (6) out of schedule premium pay; (7) Thrift Savings Provision (TSP) regular and TSP Roth deposits; and (8) W-4 tax withholding request. CRF, Tabs 1-3.

On February 2, 2023, the Board issued a nonprecedential order in the compliance referral matter finding that the agency had reached compliance on all parts of the back pay calculations except for the appellant's restored annual leave. *Wyatt*, MSPB Docket No. AT-0353-16-0492-X-1, Order, ¶ 17. The Board found that the agency's back pay calculations shorted the appellant's restored annual leave by two pay periods' worth of annual leave. *Id.* The Board thus ordered the agency to restore to the appellant two additional pay periods of annual leave. *Id.*

On July 5, 2023, the agency submitted an additional pleading. CRF, Tab 24. In the new pleading, the agency stated that it provided the appellant the

two additional pay periods' worth of accrued annual leave, as ordered, and included evidence demonstrating it had done so. *Id.* The appellant has not filed a response to this pleading.

## ANALYSIS

When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation she would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

The agency's final outstanding compliance issue was its obligation to restore two additional pay periods worth of annual leave to the appellant. The agency's last submission shows that the agency has done so and has therefore reached full compliance. CRF, Tab 24 at 4-6. Additionally, the appellant has not challenged the agency's evidence of compliance.

Accordingly, in light of the agency's evidence of compliance, the Board finds the agency in compliance and dismisses the petition for enforcement and the related petition for review of the compliance initial decision. This is the final decision of the Merit Systems Protection Board in these compliance proceedings. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the Clerk of the Board.

**NOTICE OF APPEAL RIGHTS**[3]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be underlined received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: 

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.